IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER SAXMAN,

      Plaintiff,

v.                                           Case No.   8:26-cv-612

DYNAMIC PERFORMANCE
INTERNATIONAL, INC. d/b/a
BILD & COMPANY,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Jennifer Saxman ("Saxman" or "Plaintiff"), by and through her undersigned counsel, and brings this Complaint and Demand for Jury Trial against Dynamic Performance International, Inc. d/b/a Bild & Company ("Dynamic Performance" or "Defendant"), alleging as follows:

## PARTIES

1. Plaintiff is an individual residing at 1166 Laura Lynn Drive, Latrobe, Pennsylvania 15650, and is a citizen of the commonwealth of Pennsylvania.

2. Defendant is and has been a Florida profit corporation with its principal place of business at 10801 Starkey Road, Suite #104, Seminole, Florida 33777, and is a citizen of the state of Florida.

## JURISDICTION AND VENUE

3. There is complete diversity of the Parties, as the Plaintiff is a citizen of the commonwealth of Pennsylvania, and the Defendant is a citizen of the state of Florida, and Saxman's damages are in excess of $75,000, exclusive of costs and interest.

4. Accordingly, this Court has diversity jurisdiction over these Florida law-based claims, pursuant to 28 U.S.C. § 1332.

5. This Court also has personal jurisdiction over Defendant because it is a citizen of the state of Florida with its principal place of business within the Middle District of Florida and because the Parties expressly consented to personal jurisdiction in Florida in the operative agreement at issue in this action.

6. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Pinellas County, which is located within the Middle District of Florida.

7. Thus, the Tampa Division is the proper division. M.D. Fla. Loc. R. 1.04(a).

## STATEMENT OF FACTS

8. On or about October 22, 2022, Plaintiff and Defendant entered into the Amended and Restated Executive Employment Agreement ("the Agreement"), which amended and restated a prior employment agreement most recently dated January 1, 2020. (Doc. 1-2.)

9. The Agreement provided that Plaintiff would serve as Chief Executive Officer of Defendant, with duties as set forth in Exhibit C to the Agreement. (*Id.* at 3 ¶ 2.)

10. The Agreement provided that Plaintiff's employment was at-will and could be terminated by either party at any time and for any reason, subject to a requirement of at least thirty days' advance written notice by either party. (*Id.* at 4 ¶ 4.)

11. Plaintiff was eligible to receive commissions on all personal sales as per a separate Commission Agreement attached as Schedule 1 to the Agreement. (*Id.* at 4 ¶ 4(B).)

12. Plaintiff was eligible to receive various bonuses in accordance with the Bonus Plan set forth in Exhibit A to the Agreement. (*Id.* ¶ 4(C).)

13. The Agreement provided that, if Plaintiff's employment was terminated by Defendant without Cause or by Plaintiff for Good Reason, Defendant would pay Plaintiff all accrued but unpaid wages and any earned but unpaid commissions through the date of separation, and, in addition, a separation payment equal to three months of Plaintiff's then current base salary, divided and paid in equal installments over a period of three months. (*Id.* at 4 ¶ 3.)

14. The Employee Handbook, attached as Exhibit B to the Agreement, set forth Defendant's policies regarding employment, benefits, paid time off, standards of conduct, confidentiality, conflicts of interest, and other matters. (*Id.* at 13-58.)

15. Plaintiff signed the general handbook acknowledgement and policies on

April 14, 2022, listing her position as CEO. (*See Id.*)

## **COUNT I – BREACH OF CONTRACT (Against Defendant Bild & Company)**

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

17. The Agreement is a valid and enforceable contract that existed between Plaintiff and Defendant.

18. Plaintiff fully performed her obligations under the Agreement.

19. Defendant breached the Agreement in the following ways:

    (a) By failing to provide post-termination documents that would enable Plaintiff to be paid her severance (Doc. 1-2 at 5-6);

    (b) By failing to pay Plaintiff compensation, commissions, bonuses, and/or benefits, as required by the Agreement (*Id.* at 4-5); and

    (c) By failing to engage in good faith, pre-suit negotiations, as required by the Agreement (*Id.* at 9 ¶ 19).

20. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff damages against Defendant Dynamic Performance International, Inc. d/b/a Bild & Company in an amount to be determined at trial;

c. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

  d. Award Plaintiff Jennifer Saxman her costs of suit, including reasonable attorneys' fees as permitted by the Agreement and applicable law;

  e. Grant such other and further relief as the Court deems just and proper.

**COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (Against Defendant Bild & Company)**

 21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

 22. A valid and enforceable contract existed between Plaintiff and Defendant via the Agreement, which included an implied covenant of good faith and fair dealing under Florida law.

 23. Plaintiff performed all conditions, covenants, and promises required on her part to be performed under the Agreement or was excused from performance.

 24. Defendant, by its actions and omissions, failed to act in good faith and deprived Plaintiff of the benefits of the Agreement, including by failing to pay compensation, commissions, bonuses, or benefits due.

 25. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount to be determined at trial.

 WHEREFORE, Plaintiff respectfully requests that this Court:

  a. Award Plaintiff compensatory damages against Defendant in an amount to be determined at trial, including but not limited to all unpaid base salary, commissions, bonuses, separation payments, and the value of lost benefits, as provided for under the Agreement;

    b.    Award Plaintiff consequential damages for the effects of Defendant's breach of the covenant of good faith and fair dealing, in an amount to be determined at trial;

    c.    Award Plaintiff nominal damages;

    d.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    e.    Award Plaintiff her costs of suit, including reasonable attorneys' fees as permitted by the Agreement and applicable law;

    f.    Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 9th day of March, 2026.

    */s/ Shaina Thorpe*
    **SHAINA THORPE**
    Florida Bar No. 0055464
    Primary: shaina@thorpelaw.net
    Secondary: admin@thorpelaw.net

    **THORPELAW, P.A.**
    100 S. Ashley Drive, Suite 600
    Tampa, Florida 33602
    Telephone: (813) 400-0229
    Fax: (813) 944-5223

    *Lead Counsel for Plaintiff Jennifer Saxman*